IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LONZELL ALBERT HUNTER, Plaintiff, | § | |
| v. | § | No. 3:26-cv-2506-N (BT) |
| THE UNITED STATES OF AMERICA, *et al.*, Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pro se plaintiff Lonzell Albert Hunter—a purported "Moorish American" who claims to descend from a royal bloodline—filed a mostly incomprehensible 48-page civil complaint against over two hundred defendants including the United States Government, Russia, "Mob Ties," the World Jewish Congress, Cash Money Records, Kamela Harris, the Estate of Elvis Presley, Justin Timberlake, and Janet Jackson, among others. *See generally* Compl. (ECF No. 3). at 3-10.

The examples below are typical of the allegations in Hunter's complaint:

- Since proclaiming his Moorish American nationality, Hunter has been "stripped of equality, employment, and freewill." *Id.* at 11.
- Dick Chaney, Kamela Harris, Greg Abbott, Gavin Newsom, Melody Faith, the State of Florida, the State of Tennessee, the State of California, and the State of Arizona issued "fraudulent identifications" in Hunter's name. *Id.* at 12.
- The United States Government refuses to stop using Hunter's "soul for [its] purpose[,] gain[,] and benefit" and has made Hunter the victim of war crimes. *Id.*

- The United States Government has attempted to alter Hunter's thoughts and "mental cousiousness [sic]." *Id.* at 14.
- The British Monarch and others tried to murder Hunter and stole his sperm after discovering that he was a Moorish American. *Id.* at 16.
- The United States, Amazon, FedEx, Marathon Clothing, Samsung, JPMorgan Chase, and AT&T stole Hunter's birthright. *Id.* at 25.
- The United States Government swapped Hunter's blood and organs to steal his soul and inherit his mind. *Id.* at 26.

Because Hunter's complaint is factually frivolous, the District Judge should dismiss this case with prejudice.

## Legal Standards

Hunter has been granted leave to proceed *in forma pauperis*, so his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). Under that statute, a district court may summarily dismiss a complaint filed IFP if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A district court's authority to dismiss an action that fails to state a claim for relief that is plausible on its face extends to dismissal of "claims that are 'clearly baseless,' including 'claims describing fantastic or delusional scenarios.'" *Starrett v. U.S. Dep't of Def.*, 763 F. App'x 383-84 (5th Cir. 2019) (per curiam), *cert. denied*, 140 S. Ct. 142 (2019) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).

**Analysis**

Hunter's complaint should be dismissed as frivolous. He sues over 200 Government entities, private companies, celebrities, and political figures, alleging delusional scenarios such as Government-induced mind-control, theft of his sperm by a British Monarch, theft of his "birthright" by the Government and private companies like FedEx and AT&T, and a Government-orchestrated swap of his blood and organs to steal his soul and inherit his mind. Compl. at 14, 16, 25, 26. Such allegations are clearly baseless, irrational, or wholly incredible. *See, e.g.*, *Johnson v. Samaniego*, 2024 WL 4873326, at *3 (S.D. Tex. Oct. 8, 2024) ("Plaintiff's allegations about his mind being controlled by unknown persons and other similar allegations clearly fall in the 'fanciful,' 'fantastic,' and 'delusional' categories."), *rec. accepted* 2024 WL 4871736 (S.D. Tex. Nov. 22, 2024); *Frickey v. Nelson*, 2024 WL 4289568, at *3 (E.D. La. Sept. 25, 2024) ("[T]he Court finds that plaintiff's 'assertion of a vast conspiracy by all levels of the state government and federal government [is] manifestly frivolous because the factual allegations [are] fanciful, irrational, incredible, and delusional.'") (citing *Simmons v. Payne*,

170 F. App'x 906, 907 (5th Cir. 2006) (per curiam)); *see also Chi v. Doe No. 1*, 600 F. App'x 258, 259 (5th Cir. 2015) ("Chi's assertion that diverse defendants, who spanned federal and state governments and included doctors and staff at two private hospitals, the FBI, and a psychologist employed by the FBI, conspired to inject him with lethal chemicals using a remote device is incredible and delusional. Thus, the district court did not err when it dismissed Chi's complaint as frivolous for lacking a basis in fact.").

To the extent there are references to potentially actionable events interspersed throughout the 48-page complaint (for example, Hunter at one point vaguely alludes to a Plano Police Department officer slamming him to the ground (Compl. at 36)), the complaint does not include supporting factual allegations that would permit the Court to reasonably infer that any named defendant is liable for a cognizable legal claim.

**Leave to Amend**

Ordinarily, a pro se plaintiff should be granted leave to amend his complaint before dismissal, but dismissal is unwarranted when he has already pleaded his "best case." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009).

Hunter has failed to state a cognizable claim or any facts from which a cognizable claim could be inferred. Based on the most deferential review of the complaint, Hunter could probably not allege cogent and viable legal claims if given the chance to amend. Thus, granting leave to amend under these circumstances would be futile and cause needless delay.

## Recommendation

The District Judge should dismiss Lonzell Albert Hunter's complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

SO RECOMMENDED.

August 27, 2026.

HON. R. RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See* *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).